**CV 16        2936**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 JUN -7 PM 4: 44

------------------------------------------------------------x
SHOMARI CALLENDER,

                      Plaintiff,

       -against-

THE CITY OF NEW YORK; MATTHEW LEWIS;
"JOHN" RIOS; and JOHN/JANE DOES, Nos. 1-10
(the names John and Jane Doe being fictitious, as the
true names are presently unknown to plaintiff),

                      Defendants.
------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

KUNTZ, J.
KUO, M.J.

       Plaintiff SHOMARI CALLENDER, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

       1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

### JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

       3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

       4.    The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff SHOMARI CALLENDER is a resident of the County of Queens and the City and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant times herein, a municipal corporation duly organized and existing under the laws of the States of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant MATTHEW LEWIS is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Lewis was a police officer assigned to the 113th Precinct. Defendant Lewis is being sued in his individual capacity.

10. Defendant "JOHN" RIOS is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Rios was a police officer assigned to the 113th Precinct. Defendant Rios is being sued in his individual capacity.

11. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

12. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and opportunity to protect plaintiff from the unlawful actions of the other defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

14. On Tuesday, March 10, 2015, at about 4:00 p.m., in the vicinity of 152nd Street between 118th and 119th Avenues in Queens, plaintiff was driving a rental car to Green Acres Mall in Valley Stream, New York, accompanied by four friends in the passenger seats.

15. Plaintiff was operating the vehicle in compliance with all traffic rules and regulations.

16. Police officers, including defendants Lewis and Rios, nonetheless stopped plaintiff for no apparent reason.

17. An officer -- on information and belief, defendant Lewis -- approached the driver's side window.

3

18. The officer ordered plaintiff to produce his "fucking" license.

19. Plaintiff asked why he was pulled over.

20. The officer replied that plaintiff failed to properly signal.

21. Plaintiff denied that he had failed to properly signal.

22. Before plaintiff could produce his license, the officer asked plaintiff who owned the vehicle.

23. Plaintiff replied that it was a rental car.

24. The officer then asked plaintiff for the registration papers.

25. Plaintiff reached into the glove apartment, took out the registration papers, and handed them to the officer.

26. While the officer looked at the registration papers, plaintiff asked the officer why he claimed plaintiff had failed to properly signal.

27. The officer replied "Don't ask no fucking questions."

28. As plaintiff was about to hand over his license, the officer grabbed plaintiff by the neck, dragged plaintiff out of the vehicle, slammed plaintiff against the vehicle, and pulled plaintiff's left hand behind his back to rear-cuff him.

29. Plaintiff asked the officer not to rear-cuff him because he was still recovering from surgery on his left shoulder.

30. The officer nonetheless tightly pulled plaintiff's left hand behind his back, causing plaintiff to suffer substantial pain to his left shoulder.

31. Another officer -- on information and belief, defendant Rios -- repeatedly punched plaintiff in the ribs.

32. Plaintiff offered no physical resistance and did not provoke the assault.

4

33. The officers used more force that was reasonably necessary to take plaintiff into custody.

34. While being assaulted, plaintiff asked a friend in the car to record the assault on a cell phone but an officer knocked the cell phone out of plaintiff's friend's hand.

35. The officers allegedly found a small amount of marijuana in plaintiff's pocket, such as would justify, at most, a charge of unlawful possession of marijuana -- a violation, not a crime -- under New York Penal Law § 221.05.

36. Where the only charge is unlawful possession of marijuana, the arrest is without a warrant, and there is no question as to the arrestee's identity, New York Criminal Procedure Law § 150.75 requires the prompt issuance of a desk appearance ticket and release of the arrestee.

37. Plaintiff nonetheless was taken to the 113th Precinct, held there for hours, and then transported to Central Booking in Queens.

38. An officer told plaintiff's mother that plaintiff was arrested solely because he had asked a friend to record the incident on a cell phone.

39. In connection with plaintiff's arrest, police officers, including defendants Lewis and Rios, conspired to prepare and did prepare a false and misleading police report which they forwarded to the Queens County District Attorney's Office ("District Attorney") and conspired to make and did make false and misleading statements to the District Attorney, causing the District Attorney to prosecute plaintiff on criminal charges.

40. On Wednesday, March 11, 2015, plaintiff was arraigned in Queens Criminal Court and charged with resisting arrest, obstructing governmental administration in the second degree, unlawful possession of marijuana, and making an illegal signal.

41. Plaintiff pled not guilty and was released on his own recognizance after approximately 17 hours in custody.

42. On April 23, 2015, the criminal case against plaintiff was adjourned in contemplation of dismissal.

43. On October 22, 2015, the criminal case against plaintiff was dismissed and sealed.

44. The police officers who were present during the above incident were aware of each other's misconduct towards plaintiff, had a realistic opportunity to intervene to prevent the harm to plaintiff, and failed to do so.

45. As a result of the foregoing, plaintiff suffered, *inter alia*, physical injuries, emotional distress, mental anguish, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest and Imprisonment)

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Plaintiff asserts this claim against defendants Lewis and Rios and the Doe defendants.

48. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and imprisoned plaintiff without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

6

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

49. Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50. Plaintiff asserts this claim against defendants Lewis and Rios and the Doe defendants.

51. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force, in violation of plaintiff's right to be from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

52. Plaintiff repeats and realleges paragraphs "1" through "51" with the same force and effect as if they were fully set forth herein.

53. Plaintiff asserts this claim against defendants Lewis and Rios and the Doe defendants.

54. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting and attempting (through a friend) to videotape police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Violation-of-Right-to-Fair-Trial Claim Under 42 U.S.C. §1983)

55. Plaintiff repeats and realleges paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56. Plaintiff asserts this claim against defendants Lewis and Rios and the Doe defendants.

57. Defendants fabricated evidence likely to influence a jury's decision and forwarded that evidence to a prosecutor causing plaintiff to suffer a deprivation of liberty, in violation of plaintiff's right to a fair trial under the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

58. Plaintiff repeats and realleges paragraphs "1" through "57" with the same force and effect as if they were fully set forth herein.

59. Plaintiff asserts this claim against defendants Lewis and Rios and the Doe defendants.

60. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

61. Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

8

63. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City but the City has wholly neglected or refused to make an adjustment or payment thereof.

64. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

65. Plaintiff has complied with all conditions precedent to maintaining this action.

## SIXTH CLAIM FOR RELIEF

### (False Arrest and Imprisonment Claim Under New York Law)

66. Plaintiff repeats and realleges paragraphs "1" through "65" with the same force and effect as if they were fully set forth herein.

67. Plaintiff asserts this claim against all defendants.

68. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## SEVENTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

69. Plaintiff repeats and realleges paragraphs "1" through "68" with the same force and effect as if they were fully set forth herein.

70. Plaintiff asserts this claim against all defendants.

71. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## EIGHTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

72. Plaintiff repeats and realleges paragraphs "1" through "71" with the same force and effect as if they were fully set forth herein.

73. Plaintiff asserts this claim against all defendants.

74. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## NINTH CLAIM FOR RELIEF

### (Free Speech Claim Under New York Law)

75. Plaintiff repeats and realleges paragraphs "1" through "74" with the same force and effect as if they were fully set forth herein.

76. Plaintiff asserts this claim against all defendants.

77. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting and attempting (through a friend) to videotape police misconduct, in violation of plaintiff's right to freedom of speech under Article 1, Section 8 of the New York State Constitution.

## TENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Claim Under New York Law)

78. Plaintiff repeats and realleges paragraphs "1" through "77" with the same force and effect as if they were fully set forth herein.

79. Plaintiff asserts this claim against defendant City.

80. Defendant City is vicariously liable for the acts of the NYPD employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

81. Plaintiff repeats and realleges paragraphs "1" through "80" with the same force and effect as if they were fully set forth herein.

82. Plaintiff asserts this claim against defendant City.

83. Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

84. Plaintiff repeats and realleges paragraphs "1" through "83" with the same force and effect as if they were fully set forth herein.

85. Plaintiff asserts this claim against defendant City.

86. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D)     Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       June 7, 2016

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHOMARI CALLENDER,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :
              -against-                                     :
                                                            :
THE CITY OF NEW YORK; MATTHEW LEWIS;                        :
"JOHN" RIOS; and JOHN/JANE DOES, Nos. 1-10                  :
(the names John and Jane Doe being fictitious, as the       :
true names are presently unknown to plaintiff),             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------------------x


COMPLAINT




ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*